UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN JEROME FRENCH,<br><br>              Petitioner,<br><br>   v.<br><br>WILLIAM BARR, Warden, et al.,<br><br>              Respondents. | No. 1:20-cv-01107-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

      Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On August 10, 2020, Petitioner filed the instant habeas petition. (Doc. 1.) Petitioner seeks a recommendation from the Court that he be placed in home confinement for the remainder of his sentence. The Court will recommend the petition be DISMISSED WITH PREJUDICE for lack of jurisdiction and standing.

## DISCUSSION

### I. Preliminary Review of Petition

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

## II.     Background

Petitioner is currently serving an aggregate 180-month sentence for convictions in 2001 and 2009 in the United States District Court for the District of Nevada for wire fraud, mail fraud, and money laundering.  (Doc. 1 at 1.)  He has a projected release date of September 11, 2022. (Doc. 1 at 1.)

According to a Bureau of Prisons "Summary Reentry Plan – Progress Report" dated May 24, 2020, the Unit Team at Petitioner's institution recommended that he be placed in direct home confinement on June 11, 2020, pursuant to 18 U.S.C. § 3621(b).  (Doc. 1 at 11.)  Petitioner further states that on June 4, 2020, United States Probation Officer Karen Lucero approved Petitioner's release address in Susanville, California. (Doc. 1 at 1.)  On June 30, 2020, the Bureau of Prisons' Sacramento Residential Reentry Center Office denied placement in home confinement. (Doc. 1 at 1.)  Petitioner challenges this denial.

## III.    Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner's claims are appropriately brought under 28 U.S.C. § 2241 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

The BOP is solely responsible for designating the place of a federal prisoner's confinement. 18 U.S.C. § 3621(b).  As Petitioner concedes, a federal habeas court lacks jurisdiction to review the BOP's individualized placement determinations.  Reeb v. Thomas, 636

F.3d 1224, 1227-28 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the [BOP's] discretionary-determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.... [F]ederal courts lack jurisdiction to review the [BOP's] individualized [ ] determinations made pursuant to 18 U.S.C. § 3621."); see also United States v. Draqna, 746 F.2d 457, 458 (9th Cir.1984), *cert. denied*, 469 U.S. 1211 (1985) (district court does not have jurisdiction to decide the location of a defendant's incarceration; that decision rests solely with the executive branch).  This Court lacks jurisdiction to review the individualized determination made by the BOP.  Accordingly, the petition must be dismissed.

Petitioner acknowledges that the Court cannot order an inmate to home confinement; therefore, he requests a "recommendation" from the Court to the Department of Justice to request the Bureau of Prisons place him in home confinement.  Petitioner fails to demonstrate that he has standing to pursue relief.  To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984).  The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).  Petitioner is essentially asking for speculative opinion relief.  As such, he lacks Article III standing.

**ORDER**

The Court hereby DIRECTS the Clerk of Court to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, any party may file written objections

1 with the court and serve a copy on all parties. Such a document should be captioned "Objections
2 to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
3 and filed within ten (10) court days (plus three days if served by mail) after service of the
4 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
5 (b)(1)(C). The parties are advised that failure to file objections within the specified time may
6 waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7 1991).

IT IS SO ORDERED.

Dated:   **August 14, 2020**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE