UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN JEROME FRENCH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM BARR, et al.,<br><br>　　　　Respondents. | No.  1:20-cv-01107-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION<br><br>(Doc. No. 5) |

Petitioner Darin Jerome French is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  In his pending petition, petitioner acknowledges that this court "cannot order an inmate to Home Confinement," but asks the court "to Recommend to the Department of Justice to then request the [Bureau of Prisons ("BOP")] to place Petitioner on Home Confinement for the remainder of his sentence."  (*Id.* at 2.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On August 14, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed with prejudice due to a lack of jurisdiction and petitioner's lack of standing.  (Doc. No. 5.)  In particular, the magistrate judge found that (1) this court lacks jurisdiction to review the BOP's designation of a prisoner's place of imprisonment and (2) petitioner does not have Article III standing to request a recommendation from this court

1  to the BOP that he be placed in home confinement to serve the remainder of his sentence.  (*Id.* at

2  2–4.)  The pending findings and recommendations were served on petitioner with notice that any

3  objections thereto were to be filed within twenty-one (21) days of the service of the findings and

4  recommendations.  (*Id*. at 3–4.)  To date, no objections have been filed, and the time in which to

5  do so has now well passed.

6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

7  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

8  findings and recommendations are supported by the record and proper analysis in part.

9       The undersigned will adopt the magistrate judge's finding that this courts lacks

10  jurisdiction over the pending petition.  *See United States v. Buenrostro*, No. 2:95-cr-00504-WBS-

11  AC, 2019 WL 3245093, at *3 (E.D. Cal. July 19, 2019) ("Because [petitioner] is not claiming that

12  the present execution of his sentence violates the law in any way, the motion cannot fairly be

13  construed as stating any claim for relief that would be cognizable under § 2241."), *report and*

14  *recommendation adopted,* No. 2:95-CR-0504 WBS-AC, 2019 WL 3817624 (E.D. Cal. Aug. 14,

15  2019).  However, to the extent that the pending findings and recommendations suggest that a

16  federal prisoner categorically lacks standing to seek a recommendation from a court to the BOP

17  that he be placed on home confinement, the undersigned declines to adopt that recommendation.

18  In criminal cases, district courts can and have considered requests to recommend to the BOP that

19  a prisoner be placed in home confinement.  *See, e.g.*, *United States v. Casanova*, No. 14-cr-0312

20  L, 2020 WL 5203407, at *2 (S.D. Cal. Sept. 1, 2020) ("Under 18 U.S.C. § 3624(c), extended

21  under the Coronavirus Aid, Relief, and Economic Security Act (the C.A.R.E.S. Act; P.L. 116-

22  136), the BOP may authorize home confinement at the end of a prisoner's sentence and the Court

23  may make a recommendation to the BOP that a defendant receive that relief, but it is not within

24  the Court's purview to grant that adjustment to Defendant's sentence."); *Buenrostro*, 2019 WL

25  3245093, at *3 ("District courts may retain the statutory authority to make non-binding

26  recommendations for [home confinement] placement even well after sentencing.").  Such

27  requests, however, are appropriately made in the district court that sentenced the prisoner, which

28  in this case is the United States District Court for the District of Nevada.  (Doc. No. 1 at 1.)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Here, petitioner has not made such a showing, nor objected to the pending findings and recommendations.  Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on August 14, 2020 (Doc. No. 5) are adopted in part;
2. The petition for writ of habeas corpus is dismissed with prejudice based upon the court's lack of jurisdiction;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 5, 2020**

                                                            */s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE